IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA JACKSON,

      Plaintiff,                      No. CIV S-10-2401 EFB (TEMP)

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                    <u>ORDER</u>

                              /

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court grants plaintiff's motion for summary judgment, denies the Commissioner's cross-motion for summary judgment, and remands the case for further proceedings.

I.     <u>Factual and Procedural Background</u>

      Plaintiff, Patricia Jackson, filed an application for disability benefits on May 18, 2007 and an application for supplemental security income on May 23, 2007, alleging that she had been disabled since July 1, 2006. Administrative Record ("AR") 15, 397, 433. Plaintiff's application was initially denied on September 28, 2007, and upon reconsideration on August 15, 2008. *Id.* at

1

15, 398.  Plaintiff also applied for Disabled Widows benefits on December 19, 2008.  *Id*. at 399-400.  On July 1, 2009, a hearing was held before administrative law judge ("ALJ") Laura Speck Havens.  *Id.* at 15, 429.  Plaintiff, who was represented by attorney Roopen Parekh, testified at the hearing.  *Id.* at 432-442.

On October 30, 2009, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1]  AR at 29.  The ALJ made the following specific findings (citations to C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Bowen*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id*.

2

2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(c) of the Social Security Act.

3. The prescribed period ends on September 30, 2015.

4. The claimant has not engaged in substantial gainful activity since July 1, 2006, the alleged onset date.

5. The claimant has the following severe impairments: degenerative disk disease, shoulder impingement; depression and obesity.

6. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.

7. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift or carry up to 20 pounds occasionally, 10 pounds frequently. She can sit, stand or walk up to 6 hours and requires a sit/stand option. She can occasionally climb, stoop, kneel, crouch or crawl (Exhibit 9F). She can only occasionally reach overhead with the right upper extremity. She should avoid concentrated exposure to vibrations and dust, fumes and smoke. She has a fair ability to deal with the public, maintain attention and   concentration, and carry out complex and detailed job instructions.

8. The claimant is unable to perform any past relevant work.

9. The claimant was born on October 28, 1958 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability date. The claimant subsequently   changed age category to closely approaching advanced age.

10. The claimant has at least a high school education and is able to communicate in English.

11. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

12. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that in significant numbers in the national economy that the claimant can perform.

13. The claimant has not been under disability, as defined in the Social Security Act, from July 1, 2006 through the date of this decision.

*Id.* at 18-29.

////

////

Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 11. However, on July 9, 2010, the Appeals Council denied review, leaving the ALJ's decision as the "final decision of the Commissioner of Social Security." *Id.* at 6-10.

II.     Standard of Review

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    Analysis

Among other alleged errors, plaintiff contends that the ALJ failed to give proper reasons for the weight accorded the opinion of her treating physician, Dr. Skinner, while improperly relying upon the opinions of an examining physician and a non-examining state agency physicians. As discussed below, this contention is meritorious and the issue is dispositive and requires remand.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d at 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

In a physical residual functional capacity assessment dated April 1, 2009, plaintiff's treating physician, Dr. Skinner, opined that plaintiff is limited to lifting or carrying 20 pounds, could walk a total of two hours and sit for four hours in an 8-hour workday, and is limited in pushing and/or pulling in the upper and lower extremities. AR 383-388. In support of these limitations, Dr. Skinner noted plaintiff has "multiple chronic joint and muscles pains that can be worsened by heavy lifting or carrying or pushing heavy objects. Furthermore [plaintiff] has COPD and asthma which causes chronic shortness of breath with exertion." *Id*. at 384. Dr. Skinner also assessed plaintiff as unable to perform postural limitations due to neck, low back,

knee and hand pain and numbness and manipulative limitations due to neuropathy and tendinitis of the thumb and chronic neck pain. *Id*. at 385-386. Further limitations were assessed with respect to the environment based on plaintiff's COPD/asthma. *Id.* at 387. Dr. Skinner concluded plaintiff would miss three days of work per month due to her impairments because of medical appointments, laboratories, and physical therapy. *Id*.

In contrast, examining physician Dr. Bai, who performed an orthopedic evaluation on August 25, 2007, opined that plaintiff is able to carry or lift 10 pounds occasionally and 10 pounds frequently; plaintiff is able to stand and walk six hours and sit for six hours in an eight-hour workday; plaintiff has postural limitations with occasional climbing, stooping, kneeling and crouching; due to right shoulder pain, plaintiff is limited to occasional overhead activity; due to failed back syndrome, plaintiff needs alternate sitting and stretching, and changing position; and plaintiff has no visual, communicative, or environmental limitations. AR 128-133.

The ALJ assigned "reduced weight" to the opinion of Dr. Skinner, while according "substantial weight" to Dr. Bai's opinion. The ALJ wrote:

> I give reduced weight to [Dr. Skinner's] opinion. As indicated above, the claimant's asthma is controlled and the record does not support Dr. Skinner's assertion regarding chronic shortness of breath. Nor does the record support a preclusion from all climbing, balancing, stooping, kneeling, crouching, or crawling, or a limitation to standing or walking up to 2 hours or sitting for 4 hours. There is a disconnect between Dr. Skinner's treatment notes, which indicate her symptoms are reasonably controlled, and this medical source statement (Exhibit 20F), and I therefore give it reduced weight.

*Id.* at 26. Regarding Dr. Bai's opinion, the ALJ wrote:

> I give substantial weight to [Dr. Bai's] opinion. Dr. Bai's objective findings are consistent with the record as a whole, and he considered the effect of the claimant's obesity and other impairments in formulating this residual functional capacity.

*Id*. at 23.

The ALJ erred in rejecting the opinion of plaintiff's treating physician in favor of an examining physician's opinion who did not review the entirety of plaintiff's medical records.

////

6

The ALJ further erred in assigning significant weight to Dr. Bai's opinion because this physician was not provided plaintiff's available medical records. *See* 20 C.F.R. §§ 404.1517, 416.917 ("If we arrange for [a consultative] examination or test . . . [w]e will also give the examiner any necessary background information about your condition."); AR 128 (Dr. Bai provided only a copy of consultation report by Dr. Barzaga); AR 92-94 (Dr. Barzaga's report); AR 97-127, 318-321, 380-381 (medical records predating Dr. Bai's examination which were not provided to examining physician for review). Moreover, because Dr. Bai examined plaintiff in August, 2007, the later dated treatment notes of Dr. Skinner and other medical records which document plaintiff's shortness of breath with exertion and multiple chronic joint and muscle pains, were not available for consideration by Dr. Bai. *See* AR 188-317, 323-379, 409-428. Under these circumstances, Dr. Bai's opinion cannot constitute substantial evidence justifying rejection of the opinion of plaintiff's treating physician. *See Ladue v. Chater*, 1996 WL 83880, at *5 (N.D. Cal. 1996) (requiring remand where "[t]he ALJ failed to conform to 20 C.F.R. § 404.1517 requiring that the consultative examiner be provided with necessary background information regarding the claimant's condition [and] it appears from the record that the ALJ gave [the consultative examiner's] consultative report considerable weight, even though [the consultative examiner] was lacking important background information regarding plaintiff"); *Pruitt v. Astrue*, 2010 WL 1330164, at *4 (C.D. Cal., Mar. 31, 2010) (requiring remand where the ALJ relied on consultative psychologist's opinion who did not completely review plaintiff's medical records); *Lauer v. Apfel*, 245 F.3d 700, 705 (8th Cir. 2001) (holding that the reports of doctors who have examined a claimant once are not substantial evidence upon which to base a denial of disability, especially when contradicted by other medical evidence in the record).

/////

/////

/////

/////

7

Accordingly, Dr. Bai's opinion cannot be the basis for rejecting the opinion of the treating physician, whose opinion under these circumstances must be considered uncontradicted.[2] *Lester*, 81 F.3d at 831. The ALJ could therefore only reject Dr. Skinner's opinion on the basis of specific, clear and convincing reasons supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The reasons that the ALJ gave for rejecting Dr. Skinner's opinion do not meet this standard.

The ALJ rejected Dr. Skinner's opinion on the erroneous basis that the record did not support the doctor's assertion that plaintiff suffered from shortness of breath on exertion and that there was a "disconnect" between the treatment notes and Dr. Skinner's assessment. The records are replete with indications that plaintiff was experiencing increasing difficulty with shortness of breath and that the ALJ opinion mischaracterized the record in concluding that plaintiff symptoms were "reasonably controlled." AR 26; *see* AR 383 (primary diagnosis "COPD"); AR 384 (assessed exertional limitations predicated in part on "COPD and asthma which causes chronic shortness of breath with exertion"); AR 259 (May 2008, "significant shortness of breath with exertion"); AR 258 (echocardiogram performed on plaintiff due to shortness of breath); AR 271 (shortness of breath with exertion); AR 213, 215 (August 2008, plaintiff had urgent condition of wheezing); AR 243 (November 2008, shortness of breath with exertion); AR 236 (February 2009, shortness of breath with exertion; plaintiff admitted to hospital for heart catheterization); AR 76 (plaintiff reported in August 2008 on social security disability report that asthmatic condition had worsened). Thus, the ALJ failed to provide clear and convincing reasons for rejecting the opinion of plaintiff's treating physician.

////

---

[2] The ALJ also accorded "appropriate" weight to the opinion of non-examining state agency physician Dr. Sheehy, dated September 17, 2007. AR 23, 144-150. Dr. Sheehy's opinion suffers from the same infirmity as Dr. Bai's; it is based on an incomplete medical record. Moreover, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (emphasis in original).

The vocational expert testified that with the functional limitations assessed by Dr. Skinner, there would be no jobs available to plaintiff. AR 445-446. However, Dr. Skinner did not opine as to how long plaintiff had had the limitations assessed in the residual functional capacity. Because Dr. Skinner's assessment was based in part on plaintiff's chronic shortness of breath on exertion, and there is evidence that plaintiff's physical limitations may have increased during the relevant time period due to a deteriorating condition, it is appropriate to remand this matter for further evaluation of the medical evidence and to determine whether plaintiff had a later onset date of disability than the one alleged.[3] *See Ryan v. Commissioner of Social Sec.,* 528 F.3d 1194, 1201 (9th Cir. 2008) (where claimant's condition progressively deteriorating, most recent medical report most probative); *see also* AR 213, 215, 236, 243, 258, 259, 271 (treatment for shortness of breath with exertion from May 2008 to February 2009). The court does not reach the remainder of plaintiff's arguments.[4]

IV. Conclusion

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. This matter is remanded for further proceedings consistent with this order; and

---

[3] According to the ALJ's decision, plaintiff meets the the insured status requirements of the Act through June 30, 2012. She alleged an onset date of July 1, 2006.

[4] On remand, the ALJ must specifically address the reports of any lay witnesses, including the March 27, 2008 functional capacity evaluation of physical therapist Kim Paustenbach. AR 408-428. "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919.

4.  The Clerk is directed to enter judgment for plaintiff.

DATED: February 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE